FIRST TENNESSEE BANK, N.A.
CHATTANOOGA, et al.,

v.

Martha B. OLSEN, Commissioner
of Revenue.

BANK OF KNOXVILLE, et al.,

v.

Martha B. OLSEN, Commissioner
of Revenue.

COMMERCE UNION
BANK—JOHNSON
CITY, et al.,

v.

Martha B. OLSEN, Commissioner
of Revenue.

Supreme Court of Tennessee,
at Nashville.

Sept. 14, 1987.

W.J. Michael Cody, Atty. Gen. and Reporter, Joe C. Peel, Asst. Atty. Gen., Nashville, for appellant.

John C. Speer, Charles T. Tuggle, Jr., William H.D. Fones, Jr., Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, for First Tennessee Bank, N.A. Chattanooga, et al.

Stephen K. Rush, G. Michael Yopp, Paula W. Reed, Farris, Warfield & Kanaday, Nashville, for Bank of Knoxville, et al.

Robert J. Warner, Steven L. Gill, Dearborn & Ewing, Nashville, for Commerce Union Bank—Johnson City, et al.

DROWOTA, Justice.

This tax refund suit consists of three companion cases, which are themselves consolidated actions brought by numerous banking institutions, seeking to recover excise taxes assessed and paid under protest. Initially, the Plaintiffs raised several issues at trial, but only one issue survives and is presented on appeal: Whether interest income from obligations issued by either Federal National Mortgage Association (FNMA) or Government National Mortgage Association (GNMA) is exempt from State taxation by 31 U.S.C. § 3124 (formerly 31 U.S.C. § 742 [1])?

The Commissioner of Revenue subjected interest income earned by Plaintiffs to the Excise Tax Law, T.C.A. §§ 67–4–801, *et seq.*, on obligations issued through FNMA and GNMA during either the 1981 or 1982 tax years.[2] On separate Motions for Sum-

---

1. The 1976 statute, applicable in this case, provided:

"Except as otherwise provided by law, all stocks, bonds, Treasury notes, and other obligations of the United States, shall be exempt from taxation by or under State or municipal or local authority. This exemption extends to every form of taxation that would require that either the obligations or the interest thereon, or both, be considered, directly or indirectly, in the computation of the tax, except non-discriminatory franchise or other nonproperty

taxes in lieu thereof imposed on corporations and except estate taxes or inheritance taxes."

2. FNMA obligations are commonly known as Fannie Maes and GNMA as Ginnie Maes. FNMA and GNMA are separate instrumentalities of the Federal Government that service the home mortgage market. The Plaintiffs received interest income derived from obligations of these instrumentalities during these tax years. Originally, 32 banks were Plaintiffs; however, several of these banks are no longer parties due

mary Judgment, the Chancery Court of Davidson County determined that the obligations of FNMA and GNMA were exempt from State taxation under the above cited statute and ordered refunds of taxes paid under protest. During the pendency of this direct appeal, the United States Supreme Court issued its opinion in *Rockford Life Insurance Co. v. Illinois Department of Revenue,* — U.S. —, 107 S.Ct. 2312, 96 L.Ed.2d 152 (1987). We find that this opinion completely controls the disposition of the issue on appeal and we now reverse the judgment of the Chancery Court, holding that FNMA and GNMA obligations are not exempt from State taxation in this case.

The issue presented to the Supreme Court was whether GNMA obligations were exempt from State taxation. 107 S.Ct. at 2313. GNMA instruments are "issued by private financial institutions, which are obliged to make timely payment of the principal and interest as set forth in the certificate." *Id.* GNMA itself is not the primary obligor and merely guarantees the performance of the private issuer upon default. GNMA certificates "are neither direct nor certain obligations of the United States ... [whose] obligation is secondary and contingent [to that of the private issuer]." *Id.,* at 2316. Applying the test enunciated in *Smith v. Davis,* 323 U.S. 111, 114–115, 65 S.Ct. 157, 159, 89 L.Ed. 107 (1944) (characteristics of a Federal obligation exempt from State taxation), the Supreme Court concluded that GNMA obligations do not qualify as obligations of the United States for the purposes of 31 U.S.C. § 742. *Id.* Moreover, the Court also rejected application of the Constitutional doctrine of intergovernmental tax immunity, which dates from *McCulloch v. Maryland,* 4 Wheat. 316, 4 L.Ed. 579 (1819), because "[t]he lack of a fixed and certain obligation by the United States in the Ginnie Mae context [precludes application of] constitutional immunity." *Id.,* 107 S.Ct. at 2317 (citations omitted).

Although *Rockford Life Insurance Co., supra,* does not explicitly deal with FNMA

obligations, we can discern no compelling reason on which to distinguish the tax treatment of FNMA obligations. Rather, as stated in *Farmers and Traders State Bank v. Johnson,* 121 Ill.App.3d 43, 76 Ill.Dec. 565, 458 N.E.2d 1365 (1984), "[t]he analysis applied above in considering the interest earned on Ginnie Mae certificates is also applicable" to FNMA obligations. 76 Ill.Dec. at 569, 458 N.E.2d at 1369. In fact, while GNMA is a wholly owned government corporation within the Department of Housing and Urban Development, FNMA is a government sponsored, privately owned corporation and, unlike GNMA certificates that are expressly guaranteed by the Federal Government, 12 U.S.C. § 1719(b) provides that FNMA obligations are not guaranteed by the United States and are not the debt of the United States or any Federal agency other than the corporation itself. *Id.* Also applying the test in *Smith v. Davis, supra,* the Illinois court determined that "[F]annie Maes do not carry a binding promise by the United States to pay specified sums at specified times. Neither do Fannie Maes have congressional authorization pledging the full faith and credit of the United States in support of the promise to pay." *Id.* We think that the Supreme Court's analysis of GNMA obligations in *Rockford Life Ins. Co.* applies with equal force to FNMA obligations.

Accordingly, the judgment of the Chancery Court is reversed. The cases are remanded for entry of any orders necessary and consistent with this opinion. The costs are taxed to the Plaintiffs.

HARBISON, C.J., COOPER and BROCK, JJ., and CORNELIUS, Special Judge, concur.

to the disposition of issues no longer presented   on appeal or otherwise previously eliminated.